**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| LOGISTICS SUPPORT SERVICES JV, Plaintiff, | ) | |
| v. | ) | No. 07-897C (Judge Emily C. Hewitt) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SANTA BARBARA APPLIED RESEARCH'S MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Santa Barbara Applied Research, Inc. ("SBAR"), by its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Intervene. As set forth below, SBAR is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, SBAR should be permitted to intervene in accordance with RCFC 24(b).

**STATEMENT OF FACTS**

On October 14, 2007, Logistics Support Services Joint Venture ("LSSJV") filed a post-award protest at the United States Government Accountability Office (the "GAO") challenging the award of a contract to SBAR by the United States Department of the Air Force ("USAF") pursuant to Solicitation No. FA2517-06-R-6003. The USAF thereafter

stayed performance of the award, per 31 U.S.C. § 3553(d)(3)(A). However, on October 24, 2007, the USAF filed a Motion to Dismiss LSSJV's protest. On November 9, 2007, the GAO issued a decision (the "Decision") granting the USAF's Motion to Dismiss on the ground that LSSJV's protest was based on mere information and belief and that the protest failed to state a legally sufficient basis for protest, as is required by 4 C.F.R. § 21.1(c)(4).

SBAR is the contract awardee and was an intervenor in LSSJV's protest at the GAO. As the awardee, SBAR continues to be an interested party in the disposition of this matter. Accordingly, SBAR now moves to intervene in this case.

## ARGUMENT

### A. SBAR IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

SBAR is entitled to intervene in this action as a matter of right under RCFC 24(a), which provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). In accordance with this rule, intervention is proper because SBAR has timely applied for intervention, SBAR is the contract awardee and therefore has an interest in the transaction that is the subject of this action, SBAR's protection of its interest will be impaired or impeded without its participation, and because SBAR's interest will not be adequately represented by the existing parties.

SBAR was awarded the contract which LSSJV now challenges. SBAR therefore has a direct and substantial economic interest in the allegations raised by LSSJV because the disposition of LSSJV's allegations could impact SBAR's contract and LSSJV's request for remedies is directed at trying to hinder SBAR's performance of the contract. *See Karuk Tribe v. United States*, 28 Fed. Cl. 694, 696 (1993) (stating that "to intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would 'either gain or lose by the direct legal operation and effect of the judgment'"). Thus, the disposition of this action might, as a practical matter, impair or impede SBAR's property interest in the awarded contract.

Intervention also is proper because SBAR's interests are not adequately protected by the United States. The United States' interests, which may be driven by specific political and/or policy agendas, are potentially divergent from SBAR's more narrowly focused interest in protecting the fruits of its substantial investment in this procurement. It is important to note that courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). When the party that is expected to represent the intervenor's interests is a government body or officer, there is no presumption that such representation would be adequate, unless that body or officer is charged by law to represent the interests of the absentee. *Natural Resources Defense Council v. EPA*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *Diamond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (insurance companies permitted

to intervene in support of insurance statute that the government was already defending); *see also Karuk Tribe*, 28 Fed. Cl. at 697-98 (concluding that the United States, as a trustee, "must represent the interests of all Indians" but even then "[t]o the extent that the interest of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). In this case, the United States is not (nor does it claim to be) an adequate representative of SBAR's interests in this litigation.

### B. SBAR SHOULD BE PERMITTED TO INTERVENE.

Alternatively, SBAR should be permitted to intervene in accordance with RCFC 24(b) because SBAR's claims and defenses and the main action have questions of law or fact in common. Accordingly, SBAR properly should be granted permissive intervention in the event that the court deems that RCFC 24(a) does not entitle SBAR to intervention as a matter of right.

## CONCLUSION

For the foregoing reasons, SBAR is entitled to intervene (1) as a matter of right or (2) by permissive intervention. Accordingly, SBAR's Motion to Intervene should be granted.

Respectfully submitted,

Dated: December 28, 2007

s/ J. Scott Hommer, III______

J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1685
Telecopier No.: (703) 821-8949
Protected Telecopier No.: (703) 760-1644

*Counsel to Santa Barbara Applied Research, Inc.*

Of Counsel:

William L. Walsh, Jr.
Keir X. Bancroft
Patrick R. Quigley
Peter A. Riesen
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 821-8949
Protected Telecopier No.: (703) 760-1644

**CERTIFICATE OF SERVICE**

Intervenor has filed this document electronically via the ECF electronic filing Website of the United States Court of Federal Claims and in accordance with the Rules of the Court of Federal Claims, Appendix E, Rule 12 have, therefore, served notice on counsel of record.

Dated: December 28, 2007

Respectfully submitted,

/s/ J. Scott Hommer, III

J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1644 (Protected Facsimile)
*Attorney of Record*