# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

(E-Filed: January 10, 2008)

| | |
|---|---|
| LOGISTICS SUPPORT SERVICES JV,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant,<br>and<br>SANTA BARBARA APPLIED RESEARCH, INC.,<br>Defendant-Intervenor. | No. 07-897C<br>(Judge Emily C. Hewitt) |

**SANTA BARBARA APPLIED RESEARCH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR IN THE ALTERNATIVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND TO REVISE THE COURT'S DECEMBER 27, 2007 SCHEDULING ORDER**

J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1685
Telecopier No.: (703) 821-8949
Protected Telecopier No.: (703) 760-1644

*Counsel to Santa Barbara Applied Research, Inc.*

Dated: January 10, 2008

# TABLE OF CONTENTS


Table of Authorities ..... iii

Introduction & Statement of the Issues ..... 2

Statement of the Case ..... 2

Factual Background ..... 3

Argument ..... 5

A. The Law Does Not Favor Supplementing the Administrative Record & the Record Is More Than Adequate to Resolve Issues in Dispute ..... 5

1. Record before the Court Adequately Explains the Government's Action, Leaving No Material Gaps ..... 7

2. The Case Is Not Complex, and the Court Can Easily Understand the Issues ..... 9

3. There Is No Evidence that the Agency Failed to Consider Factors Which Are Relevant to Its Final Decision or That the Agency Considered Evidence That It Failed to Include in the Record ..... 10

4. The Administrative Record Includes Information Arising after the Agency Action ..... 10

B. Acts of Government Officials Are Entitled to Presumption of Regularity ..... 11

Conclusion ..... 12

Certificate of Service ..... 13

Exhibits ..... 14

# TABLE OF AUTHORITIES

**Cases**

*Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States*, 56 Fed. Cl. 502 (2003) ..... 5
*Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234 (Fed. Cir. 2002) ..... 11
*Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578 (Fed. Cir. 1995) ..... 11
*Emerald Coast Finest Produce Co., Inc. v. United States*, 76 Fed. Cl. 445 (2007) ..... 5, 6
*Esch v. Yeutter*, 876 F.2d 976 (D.C. Cir. 1989) ..... 6, 7, 10
*Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001) 7
*MVM, Inc. v. United States*, 46 Fed. Cl. 137 (2000) ..... 9
*NVT Techs., Inc. v. United States*, 370 F.3d 1153 (Fed. Cir. 2004) ..... 7
*Precision Standard, Inc. v. United States*, 69 Fed. Cl. 738 (2006) ..... 6, 7, 9
*United Enter. & Assocs. v. United States*, 70 Fed. Cl. 1 (2006) ..... 6, 11

**Statutes**

5 U.S.C. § 706 ..... 6

**GAO Decisions**

*M.K. Taylor, Jr. Contractors, Inc.*, B-291730.2, Apr. 23, 2003, 2003 CPD ¶ 97 ..... 9

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| LOGISTICS SUPPORT SERVICES JV,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant,<br><br>and<br><br>SANTA BARBARA APPLIED RESEARCH, INC.,<br><br>Defendant-Intervenor. | No. 07-897C<br>(Judge Emily C. Hewitt) |

**SANTA BARBARA APPLIED RESEARCH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR IN THE ALTERNATIVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND TO REVISE THE COURT'S DECEMBER 27, 2007 SCHEDULING ORDER**

First in its complaint, then at the scheduling conference, and now in its motion, Plaintiff has sounded one consistent theme in reference to the potential inclusion of logistics support work at the Patrick Air Force Base ("Patrick AFB") in SBAR's Multi-Wing Logistics Support Services ("Multi-Wing") contract: that the United States has engaged in deceptive or underhanded practices by hiding the fact that it had secretly decided to include the Patrick AFB requirements in the Multi-Wing contract at issue here and failed to amend the solicitation to inform offerors of this fact before awarding Multi-Wing. The missing strawberries in this *Caine Mutiny* worldview are found in the fact that the Air Force published a notice about the Patrick AFB services a mere

eleven days after Multi-Wing was awarded, *Q.E.D.* The Administrative Record, however, clearly proves the contrary – even ignoring the legal presumption regarding the regularity of decisions of United States Government officials – and with sufficient detail to permit the Court to resolve the case on the current record and, for this reason, Plaintiff's request to compel production or to supplement the administrative record is without merit and should be denied.

## INTRODUCTION & STATEMENT OF THE ISSUES

In the Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Production of Documents or in the Alternative to Supplement the Administrative Record and to Revise the Court's December 27, 2007 Scheduling Order ("Pl.'s Mot. to Compel"), Plaintiff Logistics Support Services Joint Venture ("Plaintiff" or "LSSJV") argues that the more than 2,100 pages that the Government produced in the Administrative Record ("Record" or "AR") are insufficient for the Court to adjudicate this post-award bid protest and that, therefore, the Court should insist on further production, mandate solemn certifications of thorough searching, and potentially require the testimony of witnesses. SBAR opposes this motion.

## STATEMENT OF THE CASE

In its complaint, Plaintiff has alleged the violation by the United States Air Force ("Air Force," "Agency," or "Government") of procurement regulations in the Multi-Wing procurement by failure to adhere to announced Request for Proposal ("RFP") evaluation criteria and unreasonable evaluation of past performance. Compl. ¶¶ 42-44. Plaintiff has also, and as is most relevant to the motion currently before the Court, alleged that the Air Force knew before it awarded the Multi-Wing contract that it would be including logistics support services at Patrick AFB in that contract, yet failed to amend the solicitation to inform prospective offerors of that

fact. *Id.* at ¶¶ 38-41. The motion to compel revolves around documents and desired live testimony purportedly relating to this latter allegation.

The Court's December 27, 2007 Order ("Court's Order") required the Government to file the Record on January 4, 2008. Due to technical problems explained in previous motions, the Record, which comprised 2,044 pages, was not officially filed until this week, although Plaintiff and SBAR received copies beforehand. The Government also produced substantial supplements to the Record this week, comprising dozens of additional documents.[1]

Nevertheless, Plaintiff seeks additional discovery in the form of additional documents, certifications regarding thoroughness of searches, and potential deposition testimony.

## FACTUAL BACKGROUND

Given the volume of pertinent documents in the Administrative Record it is somewhat difficult to oppose Plaintiff's motion without prematurely arguing the merits of one of the grounds of the underlying protest. In an attempt to manage this, however, this background section will focus on the parts of the Record relevant to this motion.

The Multi-Wing RFP was issued on April 12, 2007. AR at 1366.[2] The RFP stated that Patrick AFB and Los Angeles AFB were included within the scope of the Multi-Wing solicitation, should support be required at those locations and added by modification to the issued contract. AR at 1489, 1492. Plaintiff and SBAR submitted their offers on August 27, 2007. AR at 1, 820. The Source Selection Authority made its source selection recommendation on September 6, 2007, choosing SBAR's offer as the one providing the best value. AR at 1860. The

---

[1] These supplements to the AR do not include Bates page numbers and have not yet been filed, and will be identified as exhibits to the brief and attached hereto.

[2] Citations to the AR are to the specific Bates page number.

Air Force informed Plaintiff on September 7, 2007 that it intended to award the contract to SBAR. Compl. ¶ 15. Plaintiff and another disappointed offeror then made unsuccessful challenges of SBAR's small business status to the Small Business Administration. *Id.* The contract was subsequently executed on September 24, 2007. AR at 1696.

The ample Record shows that no decision was made to include any Patrick AFB requirements in the Multi-Wing procurement until after the Multi-Wing contract was awarded, and is a matter still unresolved. On October 12, 2006, Shelley Hall, a contracting officer at Patrick AFB, contacted Addie Alexander, the Multi-Wing contracting officer, regarding the possibility of including Patrick AFB logistical support functions in the Multi-Wing procurement. AR at 2003. Patrick AFB had previously decided not to be included in the Multi-Wing procurement, but requirements had changed by October 2006. *Id.* The Record is unclear about whether Ms. Alexander replied immediately, but she replied to Margaret Gillam about this issue on January 26, 2007 and opined that including Patrick AFB in the Multi-Wing procurement would be detrimental to meeting Multi-Wing procurement milestones. Ex. A. Based on that message, Ms. Hall concluded that Patrick AFB should continue as a separate contract. *Id.*

Ms. Hall continued to pursue the possibility of including Patrick AFB requirements in the Multi-Wing procurement in an e-mail dated May 9, 2007. Ex. B. Lt. Col. Renee Richardson replied on May 11, 2007 that Multi-Wing was not a viable option for Patrick AFB services. *Id.*

On September 12, 2007, Patrick AFB contracting officer Sherri Richardson reported to her superiors that Multi-Wing contracting officer Addie Alexander was still opposed to adding Patrick AFB requirements to the Multi-Wing contract. Ex. C. Col. John Gilmour at Patrick AFB wrote to Col. Harold Cunningham of AFSPC/A7K, the Contracting Division of the Air Force Space Command, on September 13, 2007, asking for a meeting to discuss the issue. *Id.* On

September 20, 2007, Col. Gilmour reported to his staff that he had spoken with "A7K" and could confirm that [Vehicle Operations & Maintenance], *see* Pl.'s Mot. to Compel at 10, was not a candidate for Multi-Wing, but "LOGOPS" was "in play." Ex. D. On the afternoon of September 24, 2007, the day that the Multi-Wing contract was executed, AR at 1696, Karen Matkin invited Col. Gilmour to a meeting tentatively scheduled for September 27 to discuss Patrick AFB's request to be included in the Multi-Wing contract. Ex. E. As of September 26, 2007, two days after the execution of the Multi-Wing contract, no meeting date had been agreed upon. *Id.*

On October 4, 2007, in what she described as "an official 'woo hoo' moment," Patrick AFB contracting officer Hall reported that the Patrick AFB LOGOPS requirement had been released from the Small Business Administration's 8(a) program. Ex. F. She then asked whether she could proceed to find out exactly what was needed to become part of the Multi-Wing solicitation. *Id.* As of mid-November 2007, however, discussions were still going on regarding bringing the Patrick AFB work into the Multi-Wing contract. *See* Ex. G; *see also* AR at 2012, 2020.

## **ARGUMENT**

### ***A. The Law Does Not Favor Supplementing the Administrative Record & the Record Is More Than Adequate to Resolve Issues in Dispute***

The Court's Order has plotted out an aggressive briefing schedule for arguments on cross-motions for judgment on the administrative record on February 8, 2008. When deciding motions for judgment on the administrative record, the Court of Federal Claims focuses its review on "'the administrative record already in existence.'" *Emerald Coast Finest Produce Co., Inc. v. United States*, 76 Fed. Cl. 445, 448 (2007) (quoting *Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States*, 56 Fed. Cl. 502, 508 (2003) (internal citation omitted)); *Precision*

*Standard, Inc. v. United States*, 69 Fed. Cl. 738, 745 (2006) (internal citation omitted)). Because, however, the administrative record is not a documentary record maintained contemporaneously with the events or actions included in it and is, therefore, "something of a fiction," the court will supplement the administrative record under certain limited circumstances. *See Emerald Coast*, 76 Fed. Cl. at 448 (internal citation omitted); *see also Precision Standard*, 69 Fed. Cl. at 745 (internal citation omitted).

Supplementation of the administrative record is appropriate where the record is insufficient for the court to render a decision. *Emerald Coast*, 76 Fed. Cl. at 448 (internal citations omitted); *see also Precision Standard*, 69 Fed. Cl. at 745 (internal citations omitted). In particular, the court will supplement the administrative record to fill gaps concerning the factors the contracting officer considered in reaching his decision. *Emerald Coast*, 76 Fed. Cl. at 448 (internal citations omitted); *see also Precision Standard*, 69 Fed. Cl. at 745 (internal citations omitted). The court will also supplement the administrative record when the supplementary evidence presented is "evidence without which the court cannot fully understand the issues." *Emerald Coast*, 76 Fed. Cl. at 448; *see also Precision Standard*, 69 Fed. Cl. at 745 (internal citations omitted).

The D.C. Circuit has formulated a list of circumstances in which it might be appropriate to use information outside the administrative record in a case, like this one, where the outcome is determined under standard of review set forth in the Administrative Procedure Act. *See Esch v. Yeutter*, 876 F.2d 976, 980-85 (D.C. Cir. 1989); *see also United Enter. & Assocs. v. United States*, 70 Fed. Cl. 1, 16 (2006) (APA standard of review governs disposition of post-award bid protests) (citing 5 U.S.C. § 706; *NVT Techs., Inc. v. United States*, 370 F.3d 1153, 159 (Fed. Cir.

2004)). In *Esch*, the court considered the following circumstances in which it would be appropriate to use "extra-record evidence":

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Esch*, 876 F.2d at 991.

Under any reasonable standard, no supplementation of the Record is required because, as will be shown below, considering the relevant exceptions, no material gaps exist, the case is simple to understand, it includes all the information relied on in making the decision, and includes documents from before and after the decisions at issue.

**1. Record before the Court Adequately Explains the Government's Action, Leaving No Material Gaps**

The Court will occasionally permit supplementation of the Administrative Record to fill a gap. *Precision Standard*, 69 Fed. Cl. at 747. In *Precision Standard*, the Court supplemented the record with a Government declaration because it filled a gap as to what the contracting officer considered in making his responsibility determination and, thus, provided the Court with the basis for "'meaningful judicial review.'" *Id.* (quoting *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001)).

Plaintiff argues in its motion that it requires deposition testimony because, while there is no question that work relating to Patrick AFB was being moved to the Multi-Wing contract, the Record does not explain how or when this came about. Pl.'s Mot. to Compel at 10. Plaintiff represents this request for live testimony as merely as an attempt to understand how and when the decision was made, and not an exploration of the reasons why. *Id.* at 14. Why it would not be possible to obtain this simple, allegedly limited information via some less intrusive discovery method like interrogatories – assuming, *arguendo*, that additional discovery were necessary – Plaintiff does not state. In fact, considering that the taking of depositions is one of the most intrusive means of obtaining information, one must regard Plaintiff's attempt to cast its tactics as a simple request for simple answers on a limited topic as disingenuous at best.

Fortunately, additional discovery is not necessary because, on the issue of whether or not the Patrick AFB might be included in the Multi-Wing contract, the Record produced is clear: on the day that Multi-Wing was awarded, the only decision the Air Force had made was to attempt to set up a meeting to discuss the inclusion. Discussions then continued and are still continuing and, in the absence of a proposal by the incumbent contractor, are likely to continue, all without a final decision. Plaintiff's attempts to read a conspiracy into the eleven-day gap between the Multi-Wing award and the cancellation of the Patrick AFB procurement do reveal a gap in the Record, but one created by the Plaintiff's own act of ignoring the Record information that shows the contrary. The Record on the inclusion of Patrick AFB in Multi-Wing is more than adequate to determine the issues at hand, and leaves no gaps that the Court need fill. Any supplementation would be irrelevant.

**2. The Case Is Not Complex, and the Court Can Easily Understand the Issues**

Although this case involves a procurement by the Air Force Space Command, *see* AR at 576, it does not involve rocket science. In the first count in its complaint, Plaintiff hangs its hat on FAR 15.206(a), which states: "When, either before or after receipt of proposals, the Government changes its requirements or terms and conditions, the contracting officer shall amend the solicitation." Compl. ¶¶ 38-41; Pl.'s Mot. to Compel at 2. Under the FAR, the term "[s]olicitation" means "any request to submit offers or quotations to the Government." FAR 2.101. Read together, these regulations, by their plain terms establish a timeline inquiry, i.e., whether the Government changed its requirements before award or not. *See, e.g., MVM, Inc. v. United States*, 46 Fed. Cl. 137 (2000) (because agency changed scope of solicitation before contract award, agency should have amended solicitation); *see also M.K. Taylor, Jr. Contractors, Inc.*, B-291730.2, Apr. 23, 2003, 2003 CPD ¶ 97 (agency improperly failed to amend solicitation when requirements changed prior to award, but protest denied in absence of prejudice). The Record reflects conclusively that the decision on Patrick AFB occurred after the award of Multi-Wing.

The Court can, and has, supplemented the record when doing so would aid the Court's understanding of an issue. *Precision Standard*, 69 Fed. Cl. at 746-47 (two Government declarations added to the record to aid the court in understanding a technical aspect of the procurement process and the agency's understanding of its source approval requirement; four other declarations from other parties not added to the record). Here, the record is clear: the Agency's requirements, though discussed before the Multi-Wing award, *see* Exs. A, B, C, & D, were never finally decided before the Multi-Wing award, *see* Exs. E, F, G. No further discovery is required to shed light on this issue.

**3. There Is No Evidence that the Agency Failed to Consider Factors Which Are Relevant to Its Final Decision or That the Agency Considered Evidence That It Failed to Include in the Record**

In the several hundred pages of e-mail correspondence between various Air Force entities, there is ample evidence of the factors that the Agency considered in its internal dialogue regarding the potential transfer of Patrick AFB logistics support work to the Multi-Wing contract. They considered contract dollar threshold, and 8(a) competition versus small business set-aside. Ex. A. They considered the timing of the acquisition process. Ex. B. They considered efficiencies and benefit to the Government arriving from a potential natural fit between related types of contracts. Ex. C. They considered the drain on resources of supporting the Patrick AFB requirements. Ex. D. They obtained the release of the Patrick AFB contract from the Small Business Administration, after the Multi-Wing award Ex. F. The evidence also shows that they were still discussing these issues after the Multi-Wing contract was awarded. *See* Exs. E, F, & G. There is simply no evidence of failure to consider factors or evidence in this procurement that would justify supplementing the Record.

**4. The Administrative Record Includes Information Arising after the Agency Action**

One of the *Esch* exceptions applies to evidence coming after the agency action that shows whether the decision was correct or not. *Esch*, 876 F.2d at 991. Plaintiff, in fact, protests that much of the Record comes after the Multi-Wing award. Pl.'s Mot. to Compel at 4 ("The vast majority of the emails produced were sent on and after September 24, 2007, the date of award of the Multi-Wing contract."). Even if Plaintiff were correct in this characterization, it would avail Plaintiff nothing since those post-award e-mails still involve setting up meetings to discuss how

the Patrick AFB requirements might be included in Multi-Wing, *see* Exs. E, F, & G, which is hardly the slam-dunk that Plaintiff seeks.

### *B. Acts of Government Officials Are Entitled to Presumption of Regularity*

Although Plaintiff's complaint,[3] scheduling conference arguments,[4] and motion to compel[5] effectively assert bad faith, there is a strong presumption in the law that Government officials perform their duties in good faith. *United Enter.*, 70 Fed. Cl. at 23 (citing *Am-Pro Protective Agency, Inc. v. United States*, 281 F.3d 1234, 1239 (Fed. Cir. 2002); *Caldwell & Santmyer, Inc. v. Glickman*, 55 F.3d 1578, 1581 (Fed. Cir. 1995)). Indeed, any party attempting to prove the contrary must do so with clear and convincing evidence *See id.* (internal citations omitted).

With its motion to compel, Plaintiff is merely trying to uncover evidence that it hopes will substantiate its allegations of bad faith. We have already seen above how Plaintiff has taken pieces of the available Record, without considering other parts, in this attempt. Plaintiff now wants another bite at the apple. At the end, although Plaintiff suggests that the procurement was improper, it has not met its heavy burden of showing that the Government acted in bad faith, and

---

[3] Compl. ¶ 20 ("The Air Force also acted as if it had no intention of moving onsite work at Patrick AFB to the Multi-Wing contract."); *id.* ¶ 22 ("[T]he Air Force announced a dramatic about-face . . . .")

[4] Although the December 27, 2007 scheduling conference was not on the record, we recall that Plaintiff's counsel alleged that it was "simply inconceivable" that the Air Force could have announced its decision to cancel the Patrick AFB solicitation eleven days after the Multi-Wing award without having arrived at that decision before the Multi-Wing award.

[5] Pl.'s Mot. at 10 ("[T]he record strongly suggests that the decision to transfer the work was made by Colonels Cunningham and Gilmour shortly before the September 24, 2007 award of the Multi-Wing contract.")

it should not be permitted to use depositions in an attempt to create a new record by attempting to put words in the mouths of Government witnesses.

## CONCLUSION

The Government provided a thorough and comprehensive record, one that even in what Plaintiff would allege to be its skeletal form shows that the first count of Plaintiff's complaint is without merit. Obtaining out-of-record evidence will not help Plaintiff hide this fact. Moreover, Plaintiff has failed to show that the Record is, in fact, incomplete. Failing to show material gaps in the Record the filling of which would help the Court understand the issues, Plaintiff's motion should be denied.

Dated: January 10, 2008

Respectfully submitted,

s/ J. Scott Hommer, III
J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1685
Telecopier No.: (703) 821-8949
Protected Telecopier No.: (703) 760-1644

*Counsel to Santa Barbara Applied Research, Inc.*

Of Counsel:

William L. Walsh, Jr.
Keir X. Bancroft
Patrick R. Quigley
Peter A. Riesen
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone No.: (703) 760-1600
Telecopier No.: (703) 821-8949
Protected Telecopier No.: (703) 760-1644

**CERTIFICATE OF SERVICE**

Intervenor has filed this document electronically via the ECF electronic filing Website of the United States Court of Federal Claims and in accordance with the Rules of the Court of Federal Claims, Appendix E, Rule 12 have, therefore, served notice on counsel of record.

Dated: January 10, 2008

Respectfully submitted,

/s/ J. Scott Hommer, III

J. Scott Hommer, III
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1600 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1644 (Protected Facsimile)
*Attorney of Record*

**EXHIBITS**

# Exhibit A

-----Original Message-----
From: Hall, Shelley Civ 45 CONS/LGCBB
Sent: Friday, January 26, 2007 6:58 AM
To: Gillam, Margaret J Civ AFSPC/A7KO
Cc: Alexander, Addie D Civ 21 CONS/LGCB; Lubbert, Jeremy J Civ 21 CONS/LGCB; Richardson, Renee M LtCol AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP; Lemmon, Marilyn A Civ 21 CONS/LGCB; Cazares, Antonio Civ 45 CONS/LGCBA; Sherod, Linda K Civ 45 SW/BZ
Subject: RE: Including 45th on Multi-Wing Log K????

Margaret,

Based on Ms. Alexander's response, I think the best course is for Patrick AFB to continue along as a separate contract. We may use the 21 CONS market research to rethink our acquisition methodology - 8(a) competition versus 100% small business set-aside.

Everyone has been so helpful. Please express my appreciation.

Shelley A. Hall
Contracting Officer/Section Chief
45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil

-----Original Message-----
From: Gillam, Margaret J Civ AFSPC/A7KO
Sent: Friday, January 26, 2007 8:38 AM
To: Hall, Shelley Civ 45 CONS/LGCBB
Cc: Alexander, Addie D Civ 21 CONS/LGCB; Lubbert, Jeremy J Civ 21 CONS/LGCB; Richardson, Renee M LtCol AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP; Lemmon, Marilyn A Civ 21 CONS/LGCB
Subject: RE: Including 45th on Multi-Wing Log K????

Shelley-
Here's the decision from the 21st. If there's more you want to discuss w/Ms. Alexander, please give her a call on Monday or you can always call me too.

Regards,

Margaret Gillam
HQ AFSPC/A7KP
DSN: 692-2652
Comm'l: 719-554-2652

Caution: This message may contain competitive, sensitive, or other non-public information not intended for disclosure outside official government channels. Do not disseminate this message without the approval of the undersigned's office. If you received this message in error, please notify the sender by reply e-mail and delete all copies of this message.

-----Original Message-----
From: Alexander, Addie D Civ 21 CONS/LGCB
Sent: Thursday, January 25, 2007 3:50 PM
To: Gillam, Margaret J Civ AFSPC/A7KO; Lubbert, Jeremy J Civ 21 CONS/LGCB
Cc: Hall, Shelley Civ 45 CONS/LGCBB; Richardson, Renee M LtCol AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP; Lemmon, Marilyn A Civ 21 CONS/LGCB
Subject: RE: Including 45th on Multi-Wing Log K????

Ms. Gillam,
I apologize for the untimeliness of this response. We are packing and moving. If we allow the 45th to use the multiwing contract for their logistics support it would be seriously detrimental to meeting our milestones on the acquisition. The dollar threshold is also a serious consideration. While I would not be in agreement to allow Patrick's inclusion it is clearly a decision that requires upper management intervention.
I do not have a phone at this point. It is my understanding that they will not be operable until Monday. I will not have computer access until late tomorrow. If you need immediate responses please contact my Flight Chief, Mrs. Marilyn Lemmon. She is aware of this situation.
Addie

-----Original Message-----
From: Gillam, Margaret J Civ AFSPC/A7KO
Sent: Thursday, January 25, 2007 11:30 AM
To: Alexander, Addie D Civ 21 CONS/LGCB; Lubbert, Jeremy J Civ 21 CONS/LGCB
Cc: Hall, Shelley Civ 45 CONS/LGCBB; Richardson, Renee M LtCol AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP
Subject: Including 45th on Multi-Wing Log K????

Hi Addie and Jeremy-

The 45th CONS needs to update their CC on whether or not Peterson has made a decision to include the 45th in the Multi-Wing Log acquisition.

Please e-mail Shelley Hall back w/that information and cc the rest of us.

Thanks.

Margaret Gillam

HQ AFSPC/A7KP

DSN: 692-2652

Comm'l: 719-554-2652

Caution: This message may contain competitive, sensitive, or other non-public information not intended for disclosure outside official government channels. Do not disseminate this message without the approval of the undersigned's office. If you received this message in error, please notify the sender by reply e-mail and delete all copies of this message.

# Exhibit B

**Cazares, Antonio Civ 45 CONS/LGCBA**

| | |
|---|---|
| From: | Hall, Shelley Civ 45 CONS/LGCBB |
| Sent: | Monday, May 14, 2007 2:04 PM |
| To: | Richardson, Renee M LtCol AFSPC/A7KP |
| Cc: | Cazares, Antonio Civ 45 CONS/LGCBA; Bumby, Barbara K Civ AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP; Peloquin Joseph A Capt 460 CONS/CC |
| Subject: | RE: INFO - LOGISTICS SUPPORT SERVICES CONTRACT (LSSC) ISSUES |

Since we have had Captain Peloquin as a supervisor, we would be pleased to have him as our analyst.

Tracie has forwarded the SDO approval for non-performance-based PWS.

No firm decision has been made by our front office for us to pursue a delegation. I'll keep everyone posted.

Shelley A. Hall
Contracting Officer/Section Chief
45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil

-----Original Message-----
From: Richardson, Renee M LtCol AFSPC/A7KP
Sent: Friday, May 11, 2007 4:13 PM
To: Hall, Shelley Civ 45 CONS/LGCBB
Cc: Cazares, Antonio Civ 45 CONS/LGCBA; Bumby, Barbara K Civ AFSPC/A7KP; O'Donovan, Tracie L Civ AFSPC/A7KP; Peloquin Joseph A Capt 460 CONS/CC
Subject: RE: INFO - LOGISTICS SUPPORT SERVICES CONTRACT (LSSC) ISSUES

Ms Hall--

We are working to answer your questions. We are having a huge turnover in staff here and juggling the workload. I believe your analyst will be Capt JP Peloquin who will be returning to the staff on 21 May.....will get you more info as we track it down....here is a first stab at some preliminary answers.

--Tracie will forward an example of a nonperformance-based SDO approval request.

--No, the Multi-Wing Logistics contract is not a viable option for Patrick--it is too late in the acquisition process to add such a large requirement.

--The requested delegation will require more information from you so Colonel Boggs may make an informed decision.

Vr
Lt Col Renee Richardson

Renee Richardson, Lt Col, USAF
Chief, Policy and Clearance Branch
HQ AFSPC/A7K
DSN 692-5592
(719)554-5592

-----Original Message-----
From: Hall, Shelley Civ 45 CONS/LGCBB

Sent: Wednesday, May 09, 2007 12:20 PM
To: Richardson, Renee M LtCol AFSPC/A7KP
Cc: Cazares, Antonio Civ 45 CONS/LGCBA
Subject: INFO - LOGISTICS SUPPORT SERVICES CONTRACT (LSSC) ISSUES

Lt. Col. Richardson,

I was previously working with Linda Krager and Margaret Gillem on some issues on the subject competitive acquisition. This is the LOGOPS contract recompete.

First, the LSSC PWS is compliance-driven and cannot be made performance-based. We have a draft audit report addressing this issue. The base plus four value is $30,403,660. This makes Colonel Boggs the Services Designated Official (SDO). The SDO has to approve all non-performance-based service acquisitions. What is the formal process for requesting this approval?

Second, Patrick AFB was not initially included in the Multi-Wing Logistics Support Contract due to Small Business Administration concerns. Now that the market research has been completed and the determination has been made that the Multi-Wing acquisition will be a 100% small business set-aside, is there any way for Patrick to be included at this point?

Lastly, we had discussed early on requesting delegation of this acquisition (ASP, SRB, and clearance) from A7K to 45 CONS/CC. At that time, the policies had recently changed and Margaret said that Colonel Boggs wanted to fully understand the changes to the regulations before she granted any delegations. Would she support a delegation of this acquisition if it stays here at Patrick?

Any assistance you can provide will be greatly appreciated. If there is someone else assigned these matters, please let me know.

Shelley A. Hall
Contracting Officer/Section Chief
45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil

# Exhibit C

**Quigley, Patrick R.**

**From:** McLaren, Stephen A Civ 45 CONS/DBO
**Sent:** Thursday, September 13, 2007 2:53 PM
**To:** Gilmour, John E Col 45 CONS/CC
**Subject:** RE: Status on VOM/LSSC

We'll see how it goes...

//SIGNED//
Stephen A. McLaren, DAF, YC-03
Director of Business Operations
45th Contracting Squadron
Patrick AFB, FL
Phone: (321)494-6871
DSN: 854

Caution: This message may contain competitive, sensitive, or other non-public information not intended for disclosure outside official government channels. Do not disseminate this message without the approval of the undersigned's office. If you received this message in error, please notify the sender by reply e-mail and delete all copies of this message.

-----Original Message-----
From: Gilmour, John E Col 45 CONS/CC
Sent: Thursday, September 13, 2007 2:28 PM
To: Cunningham, Harold J Col AFSPC/A7K
Cc: Holmes, Dianne S Civ AFSPC/A7K; O'Donovan, Tracie L Civ AFSPC/A7KP; Bumby, Barbara K Civ AFSPC/A7KP; McLaren, Stephen A Civ 45 CONS/DBO; Hoover, Marnell L Civ 45 SW/CDA
Subject: FW: Status on VOM/LSSC

Col Cunningham -

Harold, I am passing this on as background information for a discussion I hope to have with you today or tomorrow.

Bottom line: We have been exploring the feasibility of meeting requirements for Vehicle Operations & Maintenance (VOM) and Logistics Support Services (LSSC) under the AFSPC Multi-Wing Logistics Contract. This feasibility evaluation is associated with our acquisition planning for these separate contracts. Since your staff will be seeing both these strategies and contracts in the future, I think it is important to discuss what we found.

A little more background on these acquisitions:

VOM is part of the JBOSC de-bundling suite. Before my tenure, we had explored placing VOM on the Multi-Wing contract, but were told we could not, because at that time, the contract was expected to contain NASA requirements. Since then, NASA has pulled out due to expanded requirements. It is our sense that VOM fits nicely within the scope of the Multi-Wing contract; however, it appears our requirements are an order of magnitude larger than for other bases. Bottom line: Addition of our requirements will push that acquisition above the PEO threshold and will delay award.

LSSC is not associated with JBOSC de-bundling; it is a follow-on to our predecessor LOGOPS contract. In the past, we looked at the Multi-Wing contract, but we shied away from it because we are contemplating small business and Multi-Wing was planned to be full and open competition. Now, however, Multi-Wing is small business. While we think that LSSC is well within the scope of Multi-Wing, again, our requirements are an order of magnitude greater than for other bases and will push it over the PEO threshold. Perhaps more importantly, I am concerned that the 45th Space Wing is taking a more aggressive approach to tenant funding than other AFSPC installations, and that going with the Multi-Wing will undermine those efforts, which have high visibility with Gen Helms.

The main reason that I want to discuss VOM, in particular, is that we should take the decision to segregate that from Multi-Wing with strategic forethought at the HQ AFSPC

level, IMO. If we go our separate way for a requirement that is a natural fit for Multi-Wing, we will collectively lose an opportunity to achieve an early success at true strategic sourcing across AFSPC. I am good with doing that, but I would like to make sure that we have collegially discussed and agreed this.

Let's discuss at your convenience, please.

V/R,

John Gilmour

-----Original Message-----
From: Richardson, Sherri L Civ 45 CONS/LGCAB
Sent: Wednesday, September 12, 2007 1:50 PM
To: McLaren, Stephen A Civ 45 CONS/DBO; Gilmour, John E Col 45 CONS/CC
Cc: Hall, Shelley Civ 45 CONS/LGCBB; Hoover, Marnell L Civ 45 SW/CDA
Subject: RE: Status on VOM/LSSC

Sirs,

Just spoke with HQ's CO on the Multi Wing Logistics Contract. Addie Alexander stated that she could not entertain adding the VOM or LSSC because the capacity limit was $99.9 M and the award value would be right at that amount (SSS - not awarded yet).

Estimated values were provided to Addie for both requirements ($7.2M per year for VOM and $5.1M per year for LSSC). I asked her if this was a scope issue since I know VOM is being provided under the multi wing requirement and it would not delay her award since we would request the additional work to be effective 1 Jun/1 Oct 08 (modification with option). She stated that it would put her over the PEO threshold and they would have to go back for approval.

We will continue the acquisition process on VOM and LSSC (business as usual) unless we hear different from LGC.

//signed//
SHERRI L. RICHARDSON
Contracting Officer
45 CONS/LGCAB
Patrick AFB FL
Phone: (321) 494-5229
Fax: (321) 494-6193
DSN: 854-5229
-----Original Message-----
From: McLaren, Stephen A Civ 45 CONS/DBO
Sent: Wednesday, September 12, 2007 11:24 AM
To: Hall, Shelley Civ 45 CONS/LGCBB; Richardson, Sherri L Civ 45 CONS/LGCAB
Subject: Status?

What have you got for me regarding the MAJCOM contract and VO&M and/or CSSC?
--------------------------
Sent from my BlackBerry Wireless Device

# Exhibit D

**Quigley, Patrick R.**

**From:** McLaren, Stephen A Civ 45 CONS/DBO
**Sent:** Thursday, September 20, 2007 12:17 PM
**To:** Gilmour, John E Col 45 CONS/CC
**Subject:** Fw: INFO: ASP for Vehicle Ops and Fire and Emergency Services

We need to discuss. I see Glenn has 2 FY08 PRs so I'd be reluctant to move him full time until 1 Oct.

Rita and I looked at Glen's AFTAC workload and felt they (the rest of Ric's team) could carry on without him (but I'd want to discuss with Ric).

I was going to address the full time move of him following the award of those PRs. No replacement until after the award - AFTAC will have to live with that. They bled 45th resources for yrs and we are between a rock and a hard place because of AFPC.

You're thoughts?

--------------------------
Sent from my BlackBerry Wireless Device

----- Original Message -----
From: Graham, Susan Civ 45 CONS/LGCZ
To: Gilmour, John E Col 45 CONS/CC; McLaren, Stephen A Civ 45 CONS/DBO
Sent: Thu Sep 20 12:07:12 2007
Subject: INFO: ASP for Vehicle Ops and Fire and Emergency Services

Sirs,

In light of the email below, we need to reengage about bringing Glenn over from AFTAC immediately into LGCZ to work this program full time. As far as a replacement for him for the duration of the source selection, I still want to discuss this further and request Rita Griffin be involved concerning the AFTAC position/who is paying or can pay for Glenn issue, and whether that position can be borrowed without a replacement until next summer at which time he goes back over there.

I informed Celso that I am diverting the GS-12 vacancy vice Maizel in LGCZR to be the CO and work with Glenn on Vehicle Ops. We have the certificate and are evaluating candidates now with hopes of making a selection before the end of next week. However, based on AFPCs recent schedule history, it will take a month to get the offer extended to the individual and then a couple of weeks after that to move the individual into place.

Last I heard, we plan to use the 28 Sep time slot (which will be available if we get the ASP Waiver from HQ on the Fire & Emergency Services program), to pre-brief Vehicle Ops to the Wing. Next week Larry and I and the team will focus on getting those charts ready.

Need Glenn over here Monday a.m. to work that process and set our course for successful execution of the source selection.

Thanks,
Susan

-----Original Message-----
From: Gilmour, John E Col 45 CONS/CC
Sent: Thursday, September 20, 2007 9:27 AM
To: Richardson, Sherri L Civ 45 CONS/LGCAB; Griffin, Larry Civ 45 CONS/LGCZC; Graham, Susan Civ 45 CONS/LGCZ; Hoover, Marnell L Civ 45 SW/CDA; Scanes, Glenn W Civ 45 CONS/LGCCB
Cc: McLaren, Stephen A Civ 45 CONS/DBO
Subject: RE: ASP for Vehicle Ops and Fire and Emergency Services

ALCON, I can now confirm, after a late telecon with A7K yesterday, that VOMS is NOT a candidate for inclusion in Multi-Wing. LOGOPS, which is outside of IBSR, is in play.

Please be advised.

V/R,

Col John Gilmour

-----Original Message-----
From: Richardson, Sherri L Civ 45 CONS/LGCAB
Sent: Thursday, September 20, 2007 8:59 AM
To: Griffin, Larry Civ 45 CONS/LGCZC
Cc: Graham, Susan Civ 45 CONS/LGCZ; Hoover, Marnell L Civ 45 SW/CDA; Scanes, Glenn W Civ 45 CONS/LGCCB; McLaren, Stephen A Civ 45 CONS/DBO; Gilmour, John E Col 45 CONS/CC
Subject: RE: ASP for Vehicle Ops and Fire and Emergency Services

Larry,

After speaking with Tracie yesterday she said she would talk to you/Susan. If you are in agreement with pushing ahead with ASP waiver and to continue our acquisition (not MWLC) that is great.

I have already started writing the ASP waiver and the slides are nearly complete.

Will send out for review this week.

SHERRI L. RICHARDSON
Contracting Officer
45 CONS/LGCAB
Patrick AFB FL
Phone: (321) 494-5229
Fax: (321) 494-6193
DSN: 854-5229

-----Original Message-----
From: Hoover, Marnell L Civ 45 SW/CDA
Sent: Thursday, September 20, 2007 8:25 AM
To: Griffin, Larry Civ 45 CONS/LGCZC; Richardson, Sherri L Civ 45 CONS/LGCAB; Scanes, Glenn W Civ 45 CONS/LGCCB
Cc: Graham, Susan Civ 45 CONS/LGCZ
Subject: RE: ASP for Vehicle Ops and Fire and Emergency Services

That would be great, and would certainly help to streamline the efforts. We still need to give the VOMS briefing to Gen Helms before sending the package to HQ.

Marnell

-----Original Message-----
From: Griffin, Larry Civ 45 CONS/LGCZC
Sent: Wednesday, September 19, 2007 4:03 PM
To: Graham, Susan Civ 45 CONS/LGCZ; McLaren, Stephen A Civ 45 CONS/DBO
Cc: Gilmour, John E Col 45 CONS/CC; Maizel, Brenda K Civ 45 CONS/LGCZC; Moreno, Maritza Civ 45 CONS/LGCZC; Hoover, Marnell L Civ 45 SW/CDA; Richardson, Sherri L Civ 45 CONS/LGCAB; Scanes, Glenn W Civ 45 CONS/LGCCB
Subject: ASP for Vehicle Ops and Fire and Emergency Services
Importance: High

Based on discussions with Tracie this date. Tracy believes that Col Cunningham may be amenable to a waiver of the ASP for subject acquisitions. With your approval we intend to submit:

1) Fire and Emergency Services request for ASP waiver with copy of charts used in pre-brief

2) Submit Acq Plan for command approval

Subject to discussion between Tracie and Col Cunningham regarding Vehicle Ops we consider the same approach possible. It is my understanding that while the Multi Wing Contract has the scope to include the 45 SW requirement it may not be in the Commands best interest. The 45 SW requirement would consume an inordinate amount of capacity that may result in reducing the current multi wing contracts period of performance by approximately one year. It is in our interests to continue to pursue a 45 SW contract. With your approval CONS will press for the 45 SW contract and take the same approach as outlined for Fire and Emergency Services above.

3) Vehicle Operations & Maintenance Services request for ASP waiver with copy of charts used in pre-brief

4) Submit Acq Plan for command approval

lg

# Exhibit E

**Quigley, Patrick R.**

**From:** McLaren, Stephen A Civ 45 CONS/DBO
**Sent:** Wednesday, September 26, 2007 10:52 AM
**To:** Cano, Arline I Civ 45 CONS/LGC
**Subject:** FW: 45th SW Multi-Wing Logistics (21 CONS Small C/R

For the Col's and my calendars when they get a date. Thursdays isn't going to happen.

//SIGNED//
Stephen A. McLaren, DAF, YC-03
Director of Business Operations
45th Contracting Squadron
Patrick AFB, FL
Phone: (321)494-6871
DSN: 854

Caution: This message may contain competitive, sensitive, or other non-public information not intended for disclosure outside official government channels. Do not disseminate this message without the approval of the undersigned's office. If you received this message in error, please notify the sender by reply e-mail and delete all copies of this message.

-----Original Message-----
From: Matkin, Karen G Civ 21 CONS/LGC
Sent: Wednesday, September 26, 2007 8:57 AM
To: McLaren, Stephen A Civ 45 CONS/DBO
Subject: RE: 45th SW Multi-Wing Logistics (21 CONS Small C/R

Probably either Friday, 9/28, or Monday, 10/1, depending on Col Cunningham's availability.

//signed//
Karen Matkin
Director, Business Operations
21st Contracting Squadron
DSN 834-4835, Comm 719-556-4835

-----Original Message-----
From: McLaren, Stephen A Civ 45 CONS/DBO
Sent: Wednesday, September 26, 2007 6:54 AM
To: Matkin, Karen G Civ 21 CONS/LGC
Subject: Re: 45th SW Multi-Wing Logistics (21 CONS Small C/R

I think we both planned to attend. When will be the new time/day?
--------------------------
Sent from my BlackBerry Wireless Device

----- Original Message -----
From: Matkin, Karen G Civ 21 CONS/LGC
To: McLaren, Stephen A Civ 45 CONS/DBO
Sent: Wed Sep 26 08:42:53 2007
Subject: RE: 45th SW Multi-Wing Logistics (21 CONS Small C/R

Bob Back, one of the parties we'd invited to discuss this topic, is unable to attend at the scheduled time. Pending a response from Col Cunningham, I am proposing to slip the meeting to either Friday or Monday to a time convenient for all.

Assuming you and Col Gilmour had planned to join us via telecon, will this work for you?

//signed//
Karen Matkin
Director, Business Operations
21st Contracting Squadron
DSN 834-4835, Comm 719-556-4835

-----Original Message-----
From: Matkin, Karen G Civ 21 CONS/LGC
Sent: Monday, September 24, 2007 4:33 PM
To: McLaren, Stephen A Civ 45 CONS/DBO; Gilmour, John E Col 45 CONS/CC
Subject: FW: 45th SW Multi-Wing Logistics (21 CONS Small C/R

We will be discussing your request to be included on our multi-wing logistics contract with Col Cunningham this Thursday morning, 9/27, at 1030 MDT. Please join us by calling into DSN 834-9360.

//signed//
Karen Matkin
Director, Business Operations
21st Contracting Squadron
DSN 834-4835, Comm 719-556-4835

# Exhibit F

**Quigley, Patrick R.**

---

**From:** Hall, Shelley Civ 45 CONS/LGCBB

**Sent:** Thursday, October 04, 2007 8:14 AM

**To:** McLaren, Stephen A Civ 45 CONS/DBO; Gilmour, John E Col 45 CONS/CC

**Subject:** INFO - WE HAVE THE SIGNED 2579!!!!!!!!!!!!

This is an official "woo hoo" moment. Alice Anderson brought up the signed 2579 releasing the Patrick LOGOPS requirement from the 8(a) program. Can I proceed with working with 21 CONS to find out exactly what we need to send them to become part of their acquisition?

On another note, we had a very productive meeting with Mr. Czyzewski yesterday. For the first time the resource folks (Cathy Rein, Gina Chestnutt, and Robert Washington) acknowledged that the $3.755M allocated for FY08 was not based on current workload but on FY05 workload. LRF made a compelling case outlining all the changes to the requirement that have driven costs upward. Ms. Rein stated that she felt this requirement could be readdressed with the RMB and additional funds could be allocated. We meet with Colonel Bontrager on Tuesday to finalize the funding discussion.

Shelley A. Hall
Contracting Officer/Section Chief
45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil

# Exhibit G

**Quigley, Patrick R.**

**From:** Hall, Shelley Civ 45 CONS/LGCBB
**Sent:** Monday, November 19, 2007 3:09 PM
**To:** McLaren, Stephen A Civ 45 CONS/DBO; Gilmour, John E Col 45 CONS/CC
**Subject:** FW: Inquiry

FYI.

Shelley A. Hall
Contracting Officer/Section Chief
45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil

-----Original Message-----
From: Guldan, Doug Civ 21 CONS/LGCB
Sent: Monday, November 19, 2007 3:03 PM
To: Hall, Shelley Civ 45 CONS/LGCBB
Cc: Saporito, Anthony Civ 21 CONS/LGCB; Alexander, Addie D Civ 21 CONS/LGCB; Matkin, Karen G Civ 21 CONS/LGC; Widmann, Robert S LtCol 21 CONS/CC
Subject: RE: Inquiry

We are meeting at 1530 today to discuss, but we would have done the CA if 21st anticipated bringing this work on contract as part of our effort. Since our effort was a follow on to an existing SB contract, no CA was needed (we did not consolidate requirements).

In the case of the 45th, there is going to be a consolidation of two separate requirements, requiring a CA. DFAR 207 requires the CA if we put two or more contracts put onto one contract.

I'm still not sure that simply telling the SBA that we are moving 8a work to another contact meets the mandate to keep 8a work under the 8a program.

The 21st will gather some data on the 8a, ASP and CA requirements today.

Doug.

Doug Guldan
Chief, Base Support Flight
21st Contracting Sq, Peterson AFB, CO
719 556-4789, FAX x 4538, (DSN 834)

-----Original Message-----
From: Hall, Shelley Civ 45 CONS/LGCBB
Sent: Monday, November 19, 2007 12:55 PM
To: Alexander, Addie D Civ 21 CONS/LGCB
Cc: Guldan, Doug Civ 21 CONS/LGCB; Saporito, Anthony Civ 21 CONS/LGCB
Subject: RE: Inquiry

Based on my research, there would not be a requirement for a consolidation analysis to add Patrick AFB via modification to an existing contract. The DFARS would have required 21 CONS to do this during their acquisition development. Please let me know if there's something I'm missing.

Shelley A. Hall
Contracting Officer/Section Chief

45 CONS/LGCBB
1201 Edward H. White II St.
Patrick AFB FL 32925
Phone: 321-494-4394
DSN: 854-4394
Fax: 321-494-5136
e-mail: shelley.hall@patrick.af.mil
-----Original Message-----
From: Alexander, Addie D Civ 21 CONS/LGCB
Sent: Friday, November 16, 2007 1:08 PM
To: Hall, Shelley Civ 45 CONS/LGCBB
Cc: Guldan, Doug Civ 21 CONS/LGCB; Saporito, Anthony Civ 21 CONS/LGCB
Subject: Inquiry

Shelly, I'm trying to get confirmation on a few contract issues with regards to Patrick's inclusion on the Multiwing Contract.

First was a consolidation analysis done as part of your contract file accompanied by a J&A with probably approval authority at the HCA level due to the total dollar value?? I'd like to get a copy of the analysis for my file as well as to answer the "mail" for our SBA Office.

Second the release of the work from the 8a program you indicated had been released. I did receive a copy of your 2579 but it appears (based on direction from our SBA area office) that there needs to be a formal release document signed by the Small Business Area Office that takes care of your region. This letter should be signed by the area representative and on the actual SBA Letterhead vice the 2579.

Last has the congressional inquiry been answered/resolved. I have received calls from a number 8a companies inquiring about this work as a result of your posting to Fed Bz Ops. I am in the office until 2:00 MST today. I am on leave next week and will return the following Monday. Please include Mr. Doug Guldan on your response. He is the Flight Chief, LGCB. Thanks Addie

//SIGNED//

Addie Alexander
Contracting Officer
21 Contracting Squadron
Peterson AFB CO 80914
(719) 556-7506 FAX 556-4538