IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| LOGISTICS SUPPORT SERVICES JV,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant.<br><br>and<br><br>SANTA BARBARA APPLIED RESEARCH, INC.,<br><br>Intervenor | ) | Civil Action No. 07-897<br>(Judge Emily C. Hewitt) |

**PLAINTIFF'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO FILE MOTIONS FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**COMES NOW** Plaintiff Logistics Support Services JV ("LSSJV"), by and through the undersigned counsel, and in accordance with this Court's order of January 11, 2008, hereby reasserts its motion to revise the Court's December 27, 2007 scheduling order for cause shown. Plaintiff's counsel is authorized to state that the motion is unopposed.[1]

[1] On January 11, 2008, plaintiff's counsel, in accordance with RCFC Rule 6.1, telephoned counsel for the government to determine if the government objected to the extension of time requested herein. Government counsel consulted with counsel for the intervenor and subsequently stated that he had no objection to the proposed schedule extension contained herein. Government counsel also represented that he was authorized to speak for intervenor's counsel, who had no objection to the extension. Plaintiff's January 9, 2008 motion was its first request for an enlargement of time with respect to the deadlines contained in the Court's December 27, 2007 order.

**Factual Background**

The Court's December 27, 2007 Order required the government to file and serve by January 4, 2008 "a continuous Bates-stamped AR to include " . . . "(iv) all documents relating to the possible inclusion of work to be performed at Patrick AFB within the requirements of the RFP and/or Contract No. FA2517-06-R-6003 wherever within the Air Force any such documents were generated." Because of technical difficulties, the United States was unable to file the administrative record on January 4, 2008, but was able to provide a hard copy of the administrative record to plaintiff's counsel that evening. The record provided on January 4, 2008, did not include all the documents that the administrative record (AR) will ultimately contain. Although additional production occurred on January 7, 2008, plaintiff's counsel believes that the AR is not yet complete.[2]

One of the remaining issues relates to attachments to emails produced on January 4. None of the attachments were contained in the January 4 production, although some of the attachments were apparently delivered on January 7. The government has agreed to produce additional attachments. However, this production has not yet occurred. *See* Government's Opposition To Motion To Supplement Administrative Record at 2 fn.1.

There is also an issue as to whether all documents responsive to the Court's December 27, 2007 Order have been located and included in the AR. In response to this concern, the Court ordered the government to contact 27 named individuals and obtain certifications that all responsive documents have been produced. Order of January 11, 2008 at 2. Plaintiff believes that this process will likely result in the discovery of additional documents and email that will be

[2] These issues were addressed in Plaintiff's Motion To Compel Production Or In The Alternative To Supplement The Administrative Record And To Revise The Court's December

included in the AR. The certification is to be filed on or before Friday January 18, 2008 at 5:00 p.m.

**Argument**

The Court's scheduling Order of December 27, 2007 requires plaintiff to file its motion for judgment on the administrative record on or before January 16, 2008.[3] The current schedule creates hardship and potential prejudice to plaintiff because it may have to brief and respond to the administrative record *before* it receives the entire certified administrative record. As of the date of this filing, plaintiff has not yet received all of the attachments to the documents in the administrative record that was produced on January 4, 2008. It is not known, at this time, exactly when these documents will be produced and filed (although the production will have to be done prior to the January 18 certification that the record is complete).

Additionally, it is likely that the certification process described in the Court's order of January 11, 2008 will result in the discovery of additional, previously unproduced documents and email that will be included in the AR. The certifications and additional documents, assuming they are located, will be filed on January 18, 2008.

The current schedule, if not revised, puts the plaintiff in the untenable position of having to draft and file a motion for judgment on the administrative record prior to receiving the entire certified record. This could result in substantial problems if the schedule is not revised. Such

---

27, 2007 Scheduling Order, the oppositions thereto filed by both the United States and the intervenor and the Court's Order of January 11, 2008.

[3] Under the December 27, 2007 Order, defendant and defendant-intervenor shall file their responses and cross-motions one week later on Wednesday, January 23, 2008. Plaintiff shall file its responses to the cross-motions and its replies to defendant's and defendant-intervenor's responses to plaintiff's motion on Wednesday, January 30, 2008 and Defendant and defendant-intervenor shall file their respective replies on Wednesday, February 6, 2008.

potential problems include, but are not necessarily limited to, the following:

- Plaintiff will not have had the opportunity to review the complete certified AR prior to the time it is required to file its motion for judgment on that AR.

- Plaintiff may not be able to file either a complete or accurate statement of the case, as required by RCFC Rule 5.3, if additional documents are produced that change or contradict documents already in the AR.

- Plaintiff may need to file supplemental pleadings if additional documents are produced that are relevant to the issues in the case and that were not previously produced. Such a scenario would result in the piecemeal presentation of evidence and could create difficulties for both the parties and the Court.

The parties have therefore agreed to the following schedule:

1. Plaintiff shall file with the court and serve on defendant and defendant intervenor its motion for judgment on the AR on or before Tuesday, January 29, 2008.

2. Defendant and defendant-intervenor shall file with the court their responses to plaintiff's motion and their cross-motions for judgment on the AR on or before Tuesday, February 5, 2008.

3. Plaintiff shall file its responses to defendant's and defendant-intervenor's cross-motions and its replies to defendant's and defendant-intervenor's responses to plaintiff's motion on or before Tuesday, February 12, 2008.

4. Defendant and defendant-intervenor shall file their respective replies to plaintiff's responses on or before Tuesday, February 19, 2008.

5. Oral argument is requested to be heard on February 25, 2008 at 2:00 p.m.[4]

---

[4] With respect to scheduling the hearing, government counsel has asked us to inform the Court that he is also counsel of record in a *Winstar* case that is scheduled for trial before Judge Smith beginning on February 11, for a five week period. Judge Smith has advised that he will not conduct proceedings between 2:00 p.m. and 4:00 p.m. on Mondays and Wednesdays, and therefore we have requested the scheduling of the oral argument for 2:00 p.m. on Monday, February 25, 2008.

Plaintiff has been authorized to represent that the above-referenced schedule revision is unopposed.[5]

The requested 13 day delay in the briefing schedule will not significantly harm the government or intervenor because there is no stay or injunction in place and therefore work on the contract under protest may continue. Plaintiff contends the 13 day delay will benefit the parties because plaintiff will be able to move for judgment on the administrative record *after* the entire certified record has been produced rather than *before* that occurs. This will eliminate unnecessary confusion and the piecemeal presentation of evidence. For this reason, plaintiff believes the requested extension will also benefit the Court in reaching a fair and just decision.

[5] Plaintiff wishes to make clear that the parties have agreed only on the schedule contained herein. This motion was not yet drafted at the time agreement was reached and therefore the recitation of the facts and argument contained herein is solely the product of plaintiff's efforts.

**WHEREFORE** plaintiff requests the Court to grant this motion and adjust the Court's scheduling order to conform to the schedule agreed upon by the parties.

Respectfully submitted,

By: s/ David S. Cohen

Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Attorney of Record for Plaintiff
Logistics Support Services JV

Of Counsel:

John J. O'Brien
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550 (telephone)
(202) 342-6147 (facsimile)

Dated: January 14, 2008

**Certificate of Filing**

I hereby certify that on this 14th day of January 2008, a copy of the foregoing "Plaintiff's Unopposed Motion For An Enlargement Of Time To File Motions For Judgment On The Administrative Record And Memorandum Of Points And Authorities In Support Thereof" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David S. Cohen